In affirming the Deputy Commissioner, the majority gave no consideration and no weight to competent medical testimony to the effect that plaintiffs job caused her injuries and her job placed her at an increased risk of having those injuries, the two sina qua non of occupational diseases under N.C. Gen. Stat. 97-57(13) and the cases decided thereunder. They merely state the erroneous conclusion that "plaintiff has failed to establish any of these elements by competent medical authority.
Drs. Gilberto Navarro and Rakesh Jaitly and Physicians Assistant Delina Davis-Cooley all rendered opinions, which should be found as facts, that performing the plaintiffs work for the time period and frequency that the plaintiff did increased the risk of the plaintiffs contracting carpal tunnel syndrome. Deposition of Gilberto Navarro, M.D. ("Navarro), 13:8-25; and 14:1-15; Deposition of Rakesh Jaitly, M.D., 25:12-15; 26, and 27:1-8; and Deposition of Delina Davis-Cooley, PAC, 17:12-25; and 18:1-17. Drs. Navarro and Jaitly rendered opinions, which should be founds as facts, that performing that same work for the time period and frequency that the plaintiff did significantly contributed to the plaintiffs development of disabling bilateral carpal tunnel syndrome. Deposition of Gilberto Navarro, M.D. ("Navarro), 13:8-25; 14:1-3, 14:16-25; 15, and 16:1-24; and Deposition of Rakesh Jaitly, M.D., 25:12-15; 26:1-6, and 27:9-19.
There was also clear, cogent and convincing medical testimony that fluid retention in the ankles has no effect on the carpal tunnels of the wrists.
Plaintiff proved her case and is entitled to compensation under the North Carolina Workers Compensation Act. My vote is to reverse.
This 6th day of December 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER